16 November, 1917, and the appeal was docketed in the Superior Court for a special term beginning 7 January, 1918.

At a term of court held in Hertford County, beginning 30 July, 1917, and more than ten days after the trial and judgment by the justice of the peace, defendant failed to apply for a writ of *recordari* in order to perfect his appeal; nor was such application made during a term beginning 15 October, 1917. The next term of court held in said county was a special term, beginning 7 January, 1918, at which term said appeal appeared on the docket. . . . At that term plaintiff moved to dismiss the appeal, as appears in the record, which motion was continued until the next term. The motion to dismiss was heard before *Kerr, J.*, at the following term, held in February, 1918, when said motion was denied, and the case continued for trial in the Superior Court.

To this ruling plaintiff excepted.

Upon trial in the Superior Court, verdict and judgment was rendered for the defendant, and plaintiff appealed.

*W. D. Boone* for plaintiff.
*No counsel for defendant.*

PER CURIAM. The judgment is reversed on the authority of *Davenport v. Grissom,* 113 N. C., 38, and *Bargain House v. Jefferson,* at this term. The appeal from the justice must be dismissed.

Reversed.

---

CLARENCE ROTEN ET AL. *v.* OWEN J. PARKER ET AL.

(Filed 6 October, 1920.)

**Instructions—Verdict Directing—Appeal and Error.**

*Held,* in this case, a verdict directed upon the evidence, if found to be true, was a correct instruction.

CIVIL ACTION, tried before *Kerr, J.,* at April Term, 1920, of ONSLOW, upon this issue:

"Are the plaintiffs the owners and entitled to the possession of the lands described in the complaint? Answer: 'No.'"

From the judgment rendered the plaintiffs appealed.

*Duffy & Day and Cowper, Whitaker & Allen for plaintiffs.*
*McLean, Varser, McLean & Stacy, Frank Thompson, and I. M. Bailey for defendants.*

PER CURIAM.   At the conclusion of the evidence the court instructed· the jury, if they believed the evidence and found the facts to be as testified to, they would answer the issue "No."

Upon a careful examination of the evidence in this case we fail to see that the plaintiff made out even a *prima facie* title to the land in controversy.

No error.

---

### ELLA R. VANN v. SOUTHERN RAILWAY COMPANY.

(Filed 13 October, 1920.)

**Parties—Railroads—Government Control—Director General of Railroads.**

> Under the Federal Control Act the Director General of Railroads, is, in effect, a receiver, and an action will therefore lie against him, as such, for damages for the actionable negligence of an employee of a railroad under Government control and the railroad company is also properly joined as a party defendant.

APPEAL by defendant from *Daniels, J.*, at May Term, 1920, of WAKE.

This was an action by R. T. Vann and wife, Ella R. Vann, against the Southern Railroad and Walker D. Hines, Director General of Railroads, and the Southern Express Company, for personal injuries sustained by Ella R. Vann by the alleged negligence of the defendants, caused by the falling of a tongue of a truck operated at the union station in Raleigh in March, 1918.   The husband of the plaintiff, R. T. Vann, entered a nonsuit, and the court directed a nonsuit as to the express company.   Verdict for plaintiff; appeal by the defendants.

*Jones & Bailey and R. N. Simms for plaintiff.*
*William B. Snow for defendants.*

PER CURIAM.   There were divers exceptions assigned as error, but they were all abandoned in this Court, save exception 4, that the court overruled the motion of the Southern Railroad Company to dismiss the action as to it "upon the ground and because of its nonliability by reason of Federal control," which motion was in writing, and is set out in the record.

It is not necessary to discuss this point, as it was fully considered and decided in *Clements v. R. R.*, 179 N. C., 225, as to the same defendant in which we affirmed the decision in *Hill v. Director General*, 178 N. C., 609, that the Director General was in effect a receiver, and therefore the action will lie against him under the act of Congress, and that the defendant, the Southern Railroad Company, was properly joined as a